JOSEPH CROCKER and others, *ex parte.*

A testator desired his property, real and personal, after the death of his widow, to be divided among his heirs; except that A should have $50 and B, C, D, and E $10 each, above their distributive shares; *Held,* that these sums were to be made good out of the real estate, if the personalty proved insufficient.

PETITION to sell land for a division between the petitioners, filed in Wake Court of Equity, 1866, and brought to this Court by an appeal from a decree at WAKE, Spring Term 1869.

The petitioners were tenants in common under the will of one John Crocker, who died in said county in 1853, devising as follows:

"I give and bequeath unto my beloved wife, Penny Crocker, all of my property, both real and personal, &c., and after her death to be equally divided among all of my heirs, except five, namely, one of them, Martha Ann Crocker, I give and bequeath to her $50, over and above her distributive share; also I give and bequeath to my four little sons, namely, William, Matthew, Sidney and Henry C. Crocker, $10 each, over and above the distributive shares above named."

The question was as to the distribution of the proceeds of the sale, i. e., whether the gifts of money mentioned above failed with a failure of the personal assets of the deceased, or were charged upon the realty devised, and its proceeds.

The matter having been referred to the Clerk and Master, he reported that those gifts had failed, and there was a decree below in accordance therewith; from which the parties interested took an appeal.

*Battle & Sons,* for the appellants.
*Haywood, contra.*

DICK, J. The exception to the report of the Clerk and Master is sustained. The intention of the testator is manifest, although not expressed in his will with technical accuracy. The general rule of law, that where technical words are used

they are to be construed in a technical sense, is controlled by the manifest intention of a testator. In this case there can be no doubt as to the wishes and purposes of the testator in the disposition of his estate. The whole estate is given to the widow for life, and at her death it is to be divided among the children of the testator. In the division, five of the children, viz: Martha, William, Matthew, Sidney and Henry, are to have the legacies mentioned in the will, and then all the children are to have equal shares of the residue. These pecuniary legacies are a charge upon the whole estate, and their payment does not depend upon the sufficiency of the personal estate.

There must be a decree for the payment of said legacies out of the proceeds of the land, to the said legatees or their representatives; and for a division of the residue among all the children of the testator or their representatives, according to their legal rights. The costs must be paid out of the common fund.

PER CURIAM.                    Decree accordingly.